IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN JOHN WALT,

                    Petitioner,                              **8:20CV493**

          vs.

SCOTT  R.  FRAKES,  Director;  and              **MEMORANDUM AND ORDER**
MICHELE WILHELM, Warden;

                    Respondents.

This matter is before the court on preliminary review of Petitioner Kevin John Watt's[1] Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One:          Petitioner was denied the effective assistance of counsel because trial counsel (1) failed to inform Petitioner of a plea bargain presented to counsel in the pre-trial stages of Petitioner's case; (2) failed to object to, bring to the court's attention, and subject to meaningful adversarial testing the State's misconduct in intimidating its own witness, Sheronda Lewis, by making her change her testimony; (3) failed to alert and inform the trial court that a juror was known to have regular and frequent contact with a member of one of the victims' family during trial; (4) failed to confront or reveal witnesses

_____

[1] The docket sheet incorrectly lists Petitioner's last name as "Walt." The court will use the correct spelling of "Watt" and will direct the clerk's office to correct the caption to reflect the correct spelling.

regarding a news story which incorrectly stated, "Watt was linked to the murder through a phone call" (filing 1 at CM/ECF p. 8); and (5) failed to subject the State's case to meaningful adversarial testing by pursuing and requesting jury instructions on the affirmative defenses of "defense-of-others" and the "choice of evil defense" (*id.* at CM/ECF p. 12).

Claim Two:        Petitioner was denied the effective assistance of counsel, due process, and the right to a fair trial because counsel failed to assign as error on direct appeal (1) trial counsel's ineffectiveness for failing to inform Petitioner of the State's plea offer; (2) trial counsel's failure to pursue the misidentification defense; (3) trial counsel's ineffectiveness for not subjecting the State's case to meaningful adversarial testing by pursuing the affirmative defenses of "defense-of-others" and the "choice of evil defense" (*id.* at CM/ECF p. 10); (4) trial counsel's ineffectiveness "for not perfecting a viable stratagem of [Petitioner's] affirmative defense, accorded and embedded under Neb. Rev. Stat. § 28-1402 et seq." (*id.* at CM/ECF p. 12); and (5) "the cummulative [sic] errors and omissions committed by trial counsel" (*id.* at CM/ECF p. 10).

Claim 3:        The evidence was insufficient to sustain Petitioner's conviction.

Claim 4:        Petitioner was denied his right to a fair trial because the State committed prosecutorial misconduct when it (1) coerced and manipulated witness Sheronda Lewis into changing her testimony and (2) made an improper

closing argument "unsupported by any evidence, [and] typified [by] unwarranted remarks, and illicit deeds not conducive to courtroom candor and respectability." (*Id.* at CM/ECF p. 9.)

Claim 5:    The state district court (1) erred in denying Petitioner an evidentiary hearing; (2) misinformed the jury on the elements of second degree murder in its jury instructions; and (3) denied Petitioner due process and his right to present a defense because the court failed to instruct the jury "sua sponte" on the affirmative defenses of "defense-of-others" and the "choice of evil defense" (*id.* at CM/ECF p. 11, 14–15).

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner also requests the appointment of counsel. (Filing 1 at CM/ECF p. 18.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and

finds there is no need for the appointment of counsel at this time. Petitioner's motion is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.      Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.      By **March 19, 2021**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 19, 2021**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3.      If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

   A.      The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B.      The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the

4

event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.    No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.    If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

A.   By **March 19, 2021**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.   No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.   Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 19, 2021**: check for Respondents' answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. Petitioner's request for the appointment of counsel is denied without prejudice to reassertion.

7. The clerk of the court is directed to update the caption and correct the spelling of Petitioner's last name to "Watt."

Dated this 2nd day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

7