IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN JOHN WATT,<br><br>            Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES, Director; and MICHELE WILHELM, Warden;<br><br>            Respondents. | 8:20CV493<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on Petitioner's correspondence (filing 9), which the court liberally construes as a motion for the appointment of counsel and a motion for clarification. Petitioner seeks to have counsel appointed as he cannot afford to retain counsel on his own. Petitioner also states that he does not understand the portion of the court's progression order (filing 6) stating that "no discovery shall be undertaken without leave of court" and asks for guidance on how to request an evidentiary hearing, how to prepare a reply brief, and how to file a summary judgment motion.

      First, as the court stated in its previous order (filing 6 at CM/ECF p. 3), "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an

evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

Second, to the extent Petitioner seeks clarification regarding the court's progression order, the court will refer him to numbered paragraphs 1 through 5 of the order which sets forth how this case shall proceed forward. (Filing 6 at CM/ECF pp. 4–7.) Petitioner is advised that Respondents' are responsible for filing either the relevant state court records in support of an answer to his habeas petition or a motion for summary judgment with relevant supporting records. Respondents are responsible for filing the relevant state court records; thus, if Petitioner wishes to conduct discovery beyond the records Respondents provide, then he must ask the court's leave to do so by filing a motion.[1] Only after Respondents have filed either a summary judgment motion or an answer[2] is Petitioner then obligated to file

---

[1] Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides:

> **(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C.A. § 3006A.
>
> **(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.
>
> **(c) Deposition Expenses.** If the respondent is granted leave to take a deposition, the judge may require the respondent to pay the travel expenses, subsistence expenses, and fees of the petitioner's attorney to attend the deposition.

[2] If Respondents file an answer, then the court, after the parties submit their briefs, will "review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8 of the *Rules Governing Section 2254 Cases in the United States District Courts*. *See also* Rule 7 ("If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.").

a brief in response. Petitioner will have 30 days after Respondents file their summary judgment motion or answer to file his response and he can request additional time by filing an appropriate motion with the court.

Lastly, to the extent Petitioner seeks legal guidance from the clerk of the court, he is advised that, under 28 U.S.C. § 955, the clerk of the court cannot provide legal advice to Petitioner or any individual.

IT IS THEREFORE ORDERED that: Petitioner's correspondence (filing 9), construed as a motion, is denied in part and granted in part as follows:

1. Petitioner's request for the appointment of counsel is denied without prejudice to reassertion.

2. Petitioner's request for clarification of the court's progression order is granted in accordance with this Memorandum and Order.

3. Petitioner's request for legal guidance is denied.

Dated this 5th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge